IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAM NASRALLAH,

          Plaintiff,

    v.

CHICK-FIL-A,

          Defendant.

CIVIL ACTION FILE NO.

1:15-CV-2893-RWS-JFK

## NON-FINAL REPORT AND RECOMMENDATION

The above-styled employment discrimination case is before the court on a motion to dismiss filed by Defendant Chick-fil-A.  [Doc. 4].  Plaintiff Ram Nasrallah filed his complaint [Doc. 1] in this case on August 14, 2015.  In his complaint, Plaintiff asserts a claim against Defendant based on Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*  [Id.].  Plaintiff alleges that Defendant violated Title VII by terminating his employment in November 2014 on the basis of his national origin, Syrian.  [Id. ¶¶ 12-14].  Defendant moves to dismiss Plaintiff's complaint based on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  [Doc. 4].

Plaintiff did not file a response to the motion to dismiss leaving the motion unopposed.  Granting Defendant's motion based solely on Plaintiff's failure to respond is within the discretion of a district judge.  See Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998).  However, the undersigned will review the merits of the motion because courts have not as a general rule, automatically granted a motion to dismiss a complaint for failure to file a response when doing so would be dispositive of the litigation.  See Tobias v. Georgia Dept. of Corrections, 2009 WL 255632, at *1 (N.D. Ga. February 3, 2009); Perkins v. St. John Fisher College, 2006 WL 2728902, at *1 (W.D. Tex. July 21, 2006) (citing Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006)).

## I.     Plaintiff's Factual Allegations

Plaintiff Nasrallah alleges in his complaint that during the time period relevant to his discrimination claim he worked at a Chick-fil-A restaurant located at 2580 Piedmont Road in Atlanta.  [Doc. 1 ¶ 14].  The restaurant was operated by Joe Dinardo.  [Id.].  Plaintiff claims that in July 2014, he asked Dinardo for a day off from work to volunteer at an event to raise funds for Syrian children.  [Id.].  Although Plaintiff's assertions are not entirely clear, it appears that Dinardo allegedly began denying Plaintiff's requests for days off from work after learning that his national

2

origin is Syrian.  [Id.].  The complaint alleges that in November 2014, after "an incident took place between Plaintiff and another employee," Dinardo terminated Plaintiff's employment from the Piedmont Road Chick-fil-A restaurant.  [Id.].  As noted *supra*, Plaintiff alleges that the termination decision was based on his Syrian national origin in violation of Title VII.  [Id. ¶¶ 12, 13].  Defendant Chick-fil-A argues that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) because Chick-fil-A is not a proper party to this action.  [Doc. 4].

## II.    Discussion

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.[1]  Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).  The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim.  Rule

---

[1]Exhibits attached to the complaint are considered a part of the pleading.  See Hines v. MidFirst Bank, 2013 WL 609401, at *4 (N.D. Ga. January 8, 2013).

AO 72A
(Rev.8/82)

8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted).  "Stated differently, the

4

factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" <u>Stephens</u>, 500 F.3d at 1282 (quoting <u>Twombly</u>, 127 S. Ct. at 1966-67).  A plaintiff's complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted).  And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." <u>Wein v. American Huts, Inc.</u>, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing <u>Milburn v. United States</u>, 734 F.2d 762, 765 (11th Cir. 1984)).  "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." <u>Bernard v. Calejo</u>, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d

5

1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 127 S. Ct. at 2200 (citations omitted).  Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

Defendant Chick-fil-A contends in its Rule 12(b)(6) motion that Plaintiff's complaint should be dismissed because the company is not a proper party to this action.  [Doc. 4].  According to Defendant, Chick-fil-A was not Plaintiff's employer during the relevant period and, therefore, the company may not be held liable under Title VII.  [Id.].  The court agrees.

6

Plaintiff's national origin discrimination claim is based on Title VII, which makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Although Title VII does not on its face define who can sue under the statute, it does clearly define who can be sued.  A plaintiff may bring a Title VII action against any 'employer,' defined as 'a person engaged in an industry affecting commerce who has fifteen or more employees . . . .'" Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1244 (11th Cir. 1998) (quoting 42 U.S.C. § 2000e(b)); accord Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "[t]he relief granted under Title VII is against the employer").  The issue of whether a person or an entity is an employer under Title VII is primarily determined by examining "who (or which entity) is in control of the fundamental aspects of the employment relationship that gave rise to the claim." Lyes v. City of Riviera Beach, 166 F.3d 1332, 1345 (11th Cir. 1999) (en banc).

In the present case, the court finds that Plaintiff's complaint does not contain sufficient factual allegations to allow the court to plausibly conclude that Defendant Chick-fil-A was in sufficient control of Plaintiff's employment to be considered his

7

employer.  The complaint alleges, as previously noted, that Plaintiff worked at a Chick-fil-A restaurant located on Piedmont Road that was operated by Joe Dinardo. [Doc. 1 ¶ 14].  According to the complaint, Dinardo was the person who allegedly denied Plaintiff's requests for leave beginning in July 2014.  [Id.].  The complaint also asserts that it was Dinardo who terminated Plaintiff's employment in November 2014. [Id.].  There are no allegations in the complaint that Defendant Chick-fil-A was involved in supervising Plaintiff or delegating responsibilities to him.  [Doc. 1].  There are also no allegations that Chick-fil-A was involved in denying Plaintiff's leave requests or in the decision to terminate his employment.  [Id.].

"Courts have consistently held that the franchisor/franchisee relationship does not create an employment relationship between a franchisor and a franchisee's employees." Chen v. Domino's Pizza, Inc., 2009 WL 3379946, at *3 (D. N.J. October 16, 2009) (citations omitted).  In Underwood v. Chick-fil-A, Inc. and Phil Nichols d/b/a Lenox Square Mall Chick-Fil-A, U.S. Dist. Ct., N.D. Ga., Civil Action No. 1:09-CV-2831-TCB (Doc. 41, Order dated August 18, 2010), Judge Batten addressed a case involving facts similar to the one presently before the court.  The plaintiff had worked at a Chick-fil-A restaurant located in Lenox Square Mall in Atlanta that was owned and operated by an individual named Phil Nichols.  Id. at 1-2.  The plaintiff brought

8

employment discrimination claims against both Nichols and Chick-fil-A based upon Title VII and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and Chick-fil-A filed a Rule 12(b)(6) motion to dismiss. <u>Id.</u> at 2. Judge Batten granted the motion to dismiss because he found that the plaintiff's complaint had failed to set forth facts sufficient to establish that Chick-fil-A was her employer. <u>Id.</u> at 7-11.

Likewise, in the present case, Plaintiff's "complaint does not contain a single factual allegation indicating that [Chick-fil-A] had any authority or control over [Plaintiff's] employment conditions." <u>Chen</u>, 2009 WL 3379946, at *4. The undersigned concludes that Plaintiff has failed to allege sufficient facts to permit a plausible finding that Chick-fil-A was his employer as defined by Title VII. Plaintiff makes no argument to the contrary. It is, therefore, **RECOMMENDED** that Defendant's Rule 12(b)(6) motion [Doc. 4] to dismiss be **GRANTED** and that Chick-fil-A be dismissed as a defendant in this action.[2] <u>See</u> <u>Abdelkhaleq v. Precision Door of Akron</u>, 2008 WL 3980339, at **4-5 (N.D. Ohio August 21, 2008).

---

[2]Because Plaintiff's Title VII claim against Chick-fil-A is due to be dismissed for the reasons discussed *supra*, the court will not address Defendant's argument that it did not receive notice of Plaintiff's EEOC charge. [Doc. 4 at 7-8]. Defendant, however, may reassert this argument later if necessary.

AO 72A

(Rev.8/82)

## III.    Leave to Amend

In Spear v. Nix, 215 Fed. Appx. 896 (11th Cir. 2007), the Eleventh Circuit concluded that when a plaintiff is proceeding *pro se* and "'[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Id. at 902 (citation omitted); accord Case v. Riley, 270 Fed. Appx. 908, 910-11 (11th Cir. 2008); Canty v. Fry's Electronics, Inc., 736 F. Supp. 2d 1352, 1363 (N.D. Ga. 2010); and see Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) (ordinarily, "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted"). Even if a *pro se* plaintiff does not request the opportunity to amend prior to dismissal, the court should provide that opportunity - if an amended complaint might state a claim. See Jackson v. Vaughan Regional Medical Center, 2009 WL 3242082, at *3 (S.D. Ala. October 6, 2009) ("courts have continued to provide an opportunity for *pro se* plaintiffs such as Jackson to correct pleading deficiencies via amendment even where no request for leave to amend has been made, so long as 'a more carefully drafted complaint might state a claim'") (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)); and see Bryant v. Dupree, 252 F.3d 1161,

10

1163 (11th Cir. 2001) ("Generally, [w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (citation and internal quotation marks omitted).

In the present case, the court cannot determine that if the proper legal entity were named as a defendant, Plaintiff could not draft a complaint stating a Title VII cause of action for discriminatory termination based on his national origin, assuming exhaustion of administrative remedies as to that entity.  Therefore, the undersigned finds that Plaintiff should be afforded the opportunity to file an amended complaint in order to name the proper entity as a defendant.  If the district court adopts the undersigned's recommendation and grants Plaintiff leave to file an amended complaint and Plaintiff fails to do so within the time prescribed by the court, it is recommended that this action be dismissed with prejudice at that time.  See Duckworth v. Symon Says Enterprises, Inc., 2014 WL 495389, at *4 (M.D. Fla. February 6, 2014) (granting the defendant's Rule 12(b)(6) motion to dismiss and dismissing the plaintiff's claims, including her FMLA claim, without prejudice with leave to file an amended complaint within two weeks); Buckley v. Bayrock Mortg. Corp., 2010 WL 476673, at **9-10 (N.D. Ga. February 5, 2010) (granting defendant's Rule 12(b)(6) motion and dismissing

11

plaintiff's complaint without prejudice with leave to file a properly amended complaint and holding that if plaintiff failed to file such a complaint, the court would dismiss the action with prejudice); Taylor v. Alvarez, 2008 WL 1840719, at *5 (S.D. Fla. April 21, 2008) (dismissing plaintiff's complaint without prejudice on defendants' motion to dismiss, giving plaintiff approximately three weeks to file an amended complaint, and holding that if plaintiff failed to do so, the court would dismiss the case with prejudice); Holmes v. City of East Point, 2005 WL 3478375, at *5 (N.D. Ga. December 20, 2005) (dismissing plaintiff's claims without prejudice and, although not obligated to do so, *sua sponte* permitting plaintiff to file an amended complaint within thirty days and holding that if plaintiff failed to do so, the court would dismiss plaintiff's claims with prejudice).

## IV.   Conclusion

Based on the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motion [Doc. 4] to dismiss be **GRANTED** and that Chick-fil-A be dismissed as a defendant in this action.  The court further **RECOMMENDS** that Plaintiff's complaint [Doc. 1] be **DISMISSED WITHOUT PREJUDICE** with leave for Plaintiff to file an amended complaint.  Should the district court adopt this report and recommendation, it is **RECOMMENDED** that Plaintiff be given leave to file an

12

amended complaint within twenty-one (21) days of the district court's order. If Plaintiff fails to file an amended complaint by that time, the undersigned **RECOMMENDS** that this action then be dismissed with prejudice.

**SO RECOMMENDED**, this 25th day of March, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

13